IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   24-cr-00091-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CHRISTOPHER B. WATTS,

    Defendant.

---

**INDICTMENT**
18 U.S.C. §§ 1343, 1344(a)(2)

---

The Grand Jury charges that:

**The Scheme to Defraud**

1. Between the approximate dates of September 1, 2023 and February 29, 2024, in the District of Colorado and elsewhere, the defendant, **Christopher B. Watts**, did knowingly engage in a scheme to defraud and to obtain money or property by means of materially false or fraudulent pretenses, representations, and promises, including moneys, funds, credits, asset, and other property owned by, or under the custody or control of, financial institutions, namely, Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A., and PNC Bank, N.A. (hereinafter referred to as "the scheme").

2. It was part of the scheme that:

a. **Watts** falsely represented that he had access to free or discounted airline tickets based on a retirement package he had received from an airline which had formerly employed him. **Watts** purported to sell customers the fraudulent tickets in electronic "books" supposedly containing ten tickets. In fact, **Watts** had no special access to any free or discounted airline tickets.

b. **Watts** falsely represented that he needed to make the initial set of reservations for a particular customer, and he further represented that those customers would then be able to use their "ticket books" to purchase tickets themselves. In fact, none of **Watts's** customers were ever able to purchase a single airline ticket from the "ticket books" they purchased from him.

c. **Watts** communicated with victims about the scheme through telephone calls, text messages, and his email account, thepilotcbw@gmail.com. His communications included false representations about the scarcity of the "ticket books" and about impending price increases for the "ticket books."

d. **Watts** sometimes received payments from checks drawn on the accounts of one or more of his victims at the financial institutions listed above. At other times, **Watts** received payments through Zelle transfers from his victims' bank accounts or through Venmo. **Watts** deposited many of these payments into an account in his name at Canvas Federal Credit Union. **Watts** did not use any victims' money to purchase any airline "ticket books."

    e. **Watts** received payments totaling at least $52,000 from at least 9 different victims.

## Count 1

3. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

4. On or about September 13, 2023, the defendant, **Christopher B. Watts**, did knowingly execute and attempt to execute the scheme described in Paragraphs 1 and 2 of this indictment by depositing a $1,500 check drawn on the account of R.B. at Wells Fargo Bank, N.A., into an account in his name at Canvas Federal Credit Union, all in violation of Title 18, United States Code, Section 1344(a)(2).

## Count 2

5. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

6. On or about September 13, 2023, the defendant, **Christopher B. Watts**, did knowingly execute and attempt to execute the scheme described in Paragraphs 1 and 2 of this indictment by depositing a $1,500 check drawn on the account of J.R.B. at J.P. Morgan Chase Bank, N.A., into an account in his name at Canvas Federal Credit Union, all in violation of Title 18, United States Code, Section 1344(a)(2).

## Count 3

7. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

8. On or about October 17, 2023, the defendant, **Christopher B. Watts**, did knowingly execute and attempt to execute the scheme described in Paragraphs 1 and 2 of this indictment by depositing a $3,500 check drawn on the account of R.B. at PNC Bank, N.A., into an account in his name at Canvas Federal Credit Union, all in violation of Title 18, United States Code, Section 1344(a)(2).

## Count 4

9. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

10. On or about November 8, 2023, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that scheme a Zelle transfer from the account of P.K. to an account in his name in the amount of $1,000, all in violation of Title 18, United States Code, Section 1343.

## Count 5

11. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

12. On or about November 9, 2023, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that

scheme a Zelle transfer from the account of C.M., sent on behalf of P.M., to an account in his name in the amount of $2,500, all in violation of Title 18, United States Code, Section 1343.

## Count 6

13. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

14. On or about November 17, 2023, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that scheme a Venmo transfer from the account of E.B. to an account in his name in the amount of $4,000, all in violation of Title 18, United States Code, Section 1343.

## Count 7

15. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

16. On or about December 1, 2023, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that scheme a Venmo transfer from the account of S.Q. to an account in his name in

the amount of $5,000, all in violation of Title 18, United States Code, Section 1343.

## Count 8

17. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

18. On or about January 17, 2024, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that scheme a Venmo transfer from the account of E.B., sent on behalf of M.G., to an account in his name in the amount of $2,500, all in violation of Title 18, United States Code, Section 1343.

## Count 9

19. The allegations set forth in Paragraphs 1 and 2 of this indictment are re-alleged and incorporated by reference here.

20. On or about November 9, 2023, the defendant, **Christopher B. Watts**, having devised and intended to devise the scheme described in Paragraphs 1 and 2, did knowingly execute and attempt to execute that scheme by causing to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds for the purposes of executing that scheme a Zelle transfer from the account of C.L. to an account in his name in the amount of $1,500, all in violation of Title 18, United States Code, Section 1343.

## Forfeiture Allegation

21. The allegations contained in Counts 1 through 9 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

22. Upon conviction of the violations alleged in Counts 4-9 of this Indictment involving the commission of violations of Title 18, United States Code, Section 1343, defendant **Christopher B. Watts** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to, a money judgment in the amount of proceeds obtained by the scheme and the defendant.

23. Upon conviction of the violations alleged in Counts 1-3 of this Indictment involving violations of Title 18, United States Code, Section 1344(2), defendant **Christopher B. Watts** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to, a money judgment in the amount of proceeds obtained by the scheme and the defendant.

24. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL

*Ink Signature on File with the Clerk's Office*
FOREPERSON

COLE FINEGAN
UNITED STATES ATTORNEY

By: *s/ Matthew T. Kirsch*
Matthew T. Kirsch
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Facsimile: 303-454-0402
E-mail: matthew.kirsch@usdoj.gov
Attorney for the United States