IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cr-00091-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER WATTS,

        Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE DAYS THROUGH JANUARY 6, 2025, FROM THE SPEEDY TRIAL ACT AND RELATED DEADLINES**

---

Mr. Watts, by through undersigned counsel, Kelly Christl, moves this Court for an Order excluding all days up until January 6, 2025, from the Speedy Trial Act computations and re-setting dates and filing deadlines. In support thereof, Mr. Watts states:

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On March 21, 2024, an indictment was filed against Mr. Watts charging three counts of bank fraud in violation of 18 U.S.C. § 1344(a)(2) and six counts of wire fraud in violation of 18 U.S.C. § 1343. The government is alleging that Mr. Watts sold discounted airline ticket books, and that he had no access to discounted airline tickets. Mr. Watts is on bond and lives in Fort Collins. Mr. Watts entered a plea of not guilty on April 2, 2024. This Court previously granted a motion to exclude 120 days. Doc. 14.

The government has tendered discovery, which includes approximately 60,000 pages of discovery. Mr. Watts has significant and acute physical health and mental health issues. Mr.

Watts suffers from congestive heart failure and may need to have open heart surgery. He is also suffering from mental health issues. The combination of these two factors has illuminated potential competency issues. Counsel is not prepared at this time to request a competency evaluation but may need to do so in the future. Counsel is waiting on records related to his conditions which may shed light on competency. These issues have made it difficult for Mr. Watts to meet with counsel to discuss and prepare for trial.

Counsel currently has ten pretrial cases where a notice of disposition has not been filed. The clients on these cases and counsel's other cases are all over the State of Colorado, many hours away from the Denver-metro area. This makes scheduling attorney-client visits difficult with Mr. Watts because he is unable to travel to Denver for meetings. Counsel must travel to Fort Collins to meet with him.

The government is unopposed to this continuance.

## LAW REGARDING REQUESTS FOR CONTINUANCES

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at

the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

## ARGUMENT

Defense counsel's request for a continuance satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

Counsel's trial preparation with her client is challenging due to his health issues. Counsel is waiting for requested medical records to determine is counsel needs to request a competency evaluation. Defense counsel is lead counsel on several other pretrial cases where a notice of disposition has not been filed. Counsel also has several other matters set for change of plea, sentencing, and supervised release revocations.

Defense counsel has conferred with Assistant United States Attorney Matthew Kirsch, who does not oppose this motion.

Examining the factors articulated in *United States v. West*, defense counsel notes this motion is being filed sufficiently prior to trial and within the deadline set by this Court. The need for the continuance – effective representation – outweighs any harm to government witnesses, most of whom are law enforcement officers. Further, the government does not oppose this request.

If a continuance is not granted, a miscarriage of justice would result, and defense counsel will be denied the reasonable time necessary for effective representation and preparation. At this time, and after consultation with the government, the defense believes that excluding time until January 6, 2025, will be sufficient time to complete these tasks.

## SPEEDY TRIAL

The Court previously excluded 120 days, from April 17, 2024, to August 15, 2024. Trial is currently scheduled for September 30, 2024. Counsel is requesting this Court exclude time up to January 6, 2025.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/*Kelly Christl*
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kelly_Christl@fd.org
Attorney for Defendant

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, I electronically filed the foregoing the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Matthew Kirsch, Assistant U.S. Attorney
Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Christopher Watts     (via Mail)

s/*Kelly Christl*
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Kelly_Christl@fd.org
Attorney for Defendant